UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY HALEY,

         Plaintiff,

   v.

JAN MICHELS, et al.,

         Defendants.

CASE NO. C06-1191JLR

ORDER

     This matter comes before the court on a motion to dismiss (Dkt. # 6) from Defendants Jonathan Burke, Anne Seidel, and Jan Michels – all officers of the Washington State Bar Association ("WSBA"). The court has considered the papers filed in connection with this motion and finds the matter appropriate for disposition without oral argument. For the reasons stated below, the court GRANTS Defendants' motion.

     On two separate occasions, the Washington State Supreme Court imposed disciplinary measures against Plaintiff, an attorney, for various ethical violations. In Re Hailey, 126 P.3d 1262 (Wash. 2006) (imposing a reprimand); In Re Hailey, 138 P.3d 1044 (Wash. 2006) (imposing a one-year suspension from practice). The WSBA commenced both actions pursuant to the Rules of Enforcement of Lawyer Conduct. Following the reprimand order in the first proceeding, the WSBA filed a statement of

ORDER – 1

costs and expenses with the Clerk of the Court. The Court entered judgment against Plaintiff in favor of the WSBA in the amount of $9,888.13, plus interest. At the request of the WSBA, the Clerk transmitted the judgment to King County Superior Court.

Plaintiff filed suit in this court to enjoin the WSBA from collecting on the judgment. Plaintiff contends that he would prefer to suffer a suspension of his right to practice, rather than pay the judgment or suffer a lien on his real property. He argues that WSBA's attempt to collect on the judgment constitutes a taking without due process. He also contends that the WSBA lacks authority, under the separation of powers doctrine, to "collect a tax" from him to fund its attorney disciplinary program.[1] Pl.'s Opp'n at 2.

The court concludes that it lacks jurisdiction over this matter. See Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties, including disbarment proceedings."). Notwithstanding Plaintiff's characterization of his claim, what he seeks is an order from this court that would disturb a final state court judgment. See, e.g., Compl. ¶ 4 ("The [Washington State Supreme Court] ordered me to pay the WSBA $9,888.13 plus interest for costs of the proceeding, even though I prevailed on all issues."). This court lacks the power to do so. See MacKay v. Nesbett, 412 F.2d 846, 846 (9th Cir. 1969) ("[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.").

For the reasons stated above, the court GRANTS Defendants' motion to dismiss Plaintiff's claims with prejudice. The court directs the clerk to enter judgment consistent with this order.

---

[1] The court finds disingenuous Plaintiff's contention that the WSBA is attempting to collect an unconstitutional "tax." Rather, the WSBA seeks to enforce a state court judgment rendered in its favor. Plaintiff does not cite nor is the court aware of any authority that stands for the proposition that collecting on a judgment is akin to imposing an unconstitutional tax.

ORDER – 2

1   Dated this 25th day of January, 2007.

_____
JAMES L. ROBART
United States District Judge

ORDER – 3